IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WAYNE SCHENKER and LOIS SCHENKER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:11-CV-00060-DGK |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

## ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

This lawsuit arises from allegations that the Army Corps of Engineers was negligent in constructing the Truman Dam and Reservoir project. Plaintiffs contend that as a result their residence was damaged when the reservoir flooded in 1986 and 2007, and that their home will be damaged in the future by floods.

Pending before the Court is the United States' motion to dismiss for lack of subject matter jurisdiction (doc. 7). Because Plaintiffs' claims are barred by the absolute immunity granted the federal government under the Flood Control Act of 1928, 33 U.S.C. § 702c, the motion is GRANTED.

There are two types of challenges to subject matter jurisdiction under Rule 12(b)(1), "facial" attacks and "factual" attacks. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). A facial attack challenges subject matter jurisdiction based on the bare allegations in the complaint. In a factual attack the court considers matters extrinsic to the pleadings to determine if it has subject matter jurisdiction. In a facial attack the court assumes the allegations in the complaint are true, whereas in a factual attack the court does not. The pending motion is a facial

attack because Defendant argues that even if the Complaint's allegations are true, the Court lacks subject matter jurisdiction.

To summarize the Complaint, Plaintiffs allege that "[i]n conjunction with the design and construction of the dam for the Harry S. Truman Reservoir, the Defendant's Army Corps of Engineers designed and oversaw the construction of a bridge" which "was negligently designed and constructed in that the orifice was not of sufficient size to allow the waters of the Osage River in a 50 years flood scenario to pass under the bridge." Compl. ¶¶ 5, 7. As a result, flood waters enter Plaintiffs' residence during a 50-year flood event. Compl. ¶ 14.

As a sovereign, the United States is immune from suit unless it waives its traditional immunity and consents to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990). While the Federal Tort Claims Act ("FTCA") acts as a general waiver of sovereign immunity by the federal government with respect to tort claims, there are limitations and conditions on this waiver which "'must be strictly observed, and exceptions thereto are not to be implied.'" *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)). The "party bringing a cause of action against the federal government bears the burden of demonstrating an unequivocal waiver of immunity." *Bacon v. United States*, 661 F. Supp. 8, 10 (E.D. Mo. 1986).

The United States argues that Plaintiffs' claims are barred by the Flood Control Act of 1928, which provides that, "No liability of *any kind* shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place." 33 U.S.C. § 702c (emphasis added). This immunity is interpreted broadly, *Callaway v. United States*, 568 F.2d 684, 686-87 (10th Cir. 1978), to bar "recovery where the Federal Government would otherwise be liable under the Federal Tort Claims Act." *United States v. James*, 478 U.S. 597, 599 (1986). In order

2

to invoke the protection of the Flood Control Act the government must establish (1) that the flood or flood waters that damaged the plaintiff were connected to a federally funded flood control project; and (2) that the damage was caused by such flood or flood waters. *See Portis v. Folk Constr. Co.*, 694 F.2d 520, 522-23 (8th Cir. 1982). In this case, Plaintiffs allege that as part of a federal flood control project, the Truman Dam and Reservoir project, the Amy Corps of Engineers negligently designed and constructed a bridge, which, during a flood, caused flood waters to reach Plaintiffs' property and damage it. This establishes that the United States is entitled to immunity.

In response, Plaintiffs state that they "do not believe that the aspects of the Federal Flood Control Act of 1928 are applicable," but do not explain why the law is not applicable, nor do they cite any authority for this proposition. Consequently, Plaintiffs have failed to unequivocally demonstrate a waiver of immunity.

The language of § 702c is plain and unambiguous, as is its application here. Accordingly, the United States' motion to dismiss for lack of subject matter jurisdiction (doc. 7) is GRANTED.

**IT IS SO ORDERED.**

Date:  December 6, 2011                                 /s/ Greg Kays                                
                                                                                         GREG KAYS, JUDGE
                                                                                         UNITED STATES DISTRICT COURT